[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Dion Seldon[1] was charged with one count of felonious assault under R.C. 2903.11(A)(2) and one count of having a weapon under disability under R.C. 2923.13(A)(3). Following a jury trial, Seldon was convicted of having a weapon under disability and acquitted of the felonious assault. Seldon appeals his conviction. He asserts two assignments of error, neither of which we find to be well taken.
During the summer of 2000, Seldon, who was on parole for a 1999 conviction for illegal possession of cocaine, stopped reporting to his parole supervisor. Seldon was declared an absconder and agents of the adult parole authority began periodically visiting his mother's address in an attempt to locate him.
On the evening of August 8, 2000, Seldon became involved in a dispute with Terry Bishop, his sister's ex-boyfriend. Bishop was armed with an antique shotgun. During the dispute, Seldon wrestled the shotgun away from Bishop and held the gun over Bishop's head. Ruby Bishop, Terry Bishop's mother, tried to push Seldon away from her son and was injured. The police were called and Seldon fled the scene. A warrant was later issued for Seldon's arrest for felonious assault on Ruby Bishop.
On August 25, 2000, the parole authority visited Seldon's mother's apartment and obtained her consent to search for Seldon. Officers of the parole authority found Seldon hiding in the attic. After a struggle, Seldon was taken into custody. The parole authority also searched Seldon's car. An antique shotgun matching the description of the gun taken from Ruby Bishop's home was found in the car. The parole authority turned Seldon and the shotgun over to the Cincinnati Police; and Seldon, thereafter, was charged with having a weapon under disability.
In his first assignment of error, Seldon argues the trial court erred in not suppressing the shotgun prior to trial because his car was searched without a warrant or probable cause. He further challenges the "consent to search" form, which he signed as a condition of his parole, because it was used as a subterfuge for a criminal investigation of the events of August 8, 2000.
R.C. 2967.131(C) provides that parole officers, who are engaged within the scope of their supervisory duties or responsibilities, may search, with or without a warrant, a person's motor vehicle if they have reasonable grounds to believe the person has left the State of Ohio, is not abiding by the law, or is not complying with the terms and conditions of his parole. In State v. Benton,[2] the Ohio Supreme Court held that a warrantless search performed pursuant to a condition of parole requiring a parolee to submit to random searches of his or her person, motor vehicle, or place of resident by a parole officer at any time is constitutional; and that, under R.C. 2967.131(C), a parole officer need only have reasonable suspicion to conduct such a search. Searches, however, are not considered constitutional when the purpose of the search is related to law enforcement and not parole supervision.[3] Thus, when a probation or parole search is used as a subterfuge for a criminal investigation, it is illegal.[4]
In this case, the adult parole authority had reasonable grounds to search Seldon's vehicle. He had been declared an absconder. Furthermore, there is no evidence that the search of his vehicle was a subterfuge for another criminal investigation. The parole officer testified that he alone searched Seldon's vehicle and discovered the shotgun. Additionally, Seldon presented no evidence that the parole authority knew of the August 8, 2000, incident or the pending warrant for Seldon's arrest for the felonious assault of Ruby Bishop. As a result, we overrule Seldon's first assignment of error.
In his second assignment of error, Seldon challenges the sufficiency and the weight of the evidence. A reviewing court will not reverse a jury verdict for insufficient evidence when, in viewing the evidence in a light most favorable to the state, there is substantial evidence upon which the court can conclude that all of the elements of the offense have been proved beyond a reasonable doubt.[5] To reverse a conviction on the manifest weight of the evidence, a reviewing court must weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and conclude that, in resolving conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice.[6] A new trial should be granted only in exceptional cases where the evidence weighs heavily against the conviction.[7]
 Seldon was charged with having a weapon under disability in violation of R.C. 2923.13(A)(3), which states that no person shall knowingly acquire, have, carry, or use any firearm *** if [t]he person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse ***.
 Thus the state needed to establish that Seldon knowingly had, carried, acquired, or used a firearm or dangerous ordnance, after having been convicted of any felony drug offense.
The state presented ample evidence that Seldon had an operable firearm in his car. The state also introduced evidence of Seldon's prior conviction under R.C. 2925.11(A) for possession of cocaine and his disability arising there from. Thus in viewing the evidence in a light most favorable to the state, we hold that a rational trier of fact could have found the state proved all the elements of having a weapon under disability beyond a reasonable doubt.
We also reject Seldon's contention that his conviction was against the weight of the evidence. A jury is free to believe all, part, or none of any witness's testimony.[8] After reviewing the entire record, we cannot conclude that the jury lost its way and created such a manifest miscarriage of justice that we must reverse Seldon's conviction and order a new trial. Accordingly, we overrule Seldon's second assignment of error.
The judgment of the trial court is, therefore, affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Sundermann, JJ.
[1] The defendant's name is also spelled Deon Seldon throughout portions of the record.
[2] State v. Benton (1998), 82 Ohio St.3d 316, 695 N.E.2d 757.
[3] See State v. Cowens (1999), 87 Ohio St.3d 68, 76-77, 717 N.E.2d 298,307 citing United States v. Watts (C.A. 9 1995), 67 F.3d 790, 793-794. Accord United States v. Martin (C.A. 6 1994), 25 F.3d 293, 296.
[4] See id.
[5] See State v. Waddy (1992), 63 Ohio St.3d 424, 588 N.E.2d 819.
[6] See State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, 547 citing State v. Martin (1983), 20 Ohio App.3d 172,175, 485 N.E.2d 717, 720.
[7] State v. Thompkins, supra, at 387, 678 N.E.2d at 546-47.
[8] See State v. Antill (1964), 176 Ohio St. 61, 197 N.E.2d 548.